JOSEPH PAVANO *v.* WESTERN NATIONAL
INSURANCE COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued February 5—decided April 21, 1953

*Wallace W. Brown,* for the appellant (defendant).

*Leo V. Gaffney,* for the appellee (plaintiff).

BROWN, C. J.  John Guastamachio mortgaged certain restaurant equipment to the plaintiff.  The defendant issued a policy to Guastamachio insuring him against loss of the equipment by fire, and naming the plaintiff as loss payee.  A fire occurred which partially destroyed the property.  The plaintiff sued the defendant on the policy and recovered judgment. The defendant has appealed.  Proper disposal of the appeal requires consideration of but three of the contentions urged by the defendant under its assignments of error.

These facts material to our decision are undisputed: On September 3, 1948, Guastamachio gave the plaintiff a chattel mortgage on his restaurant equipment to secure his note for $9000.  On September 15, 1948, the defendant issued to Guastamachio a fire insurance policy in the amount of $20,000 covering this equipment.  On December 3, 1948, it attached this indorsement to the policy: "Loss, if any, under this Policy shall now be payable to Joseph Pavano . . . under a Conditional Bill of Sale., as his interest may appear."  On February 1, 1949, a fire occurred which damaged the insured equipment in the amount of $4320.  The balance of the note then unpaid was $7750.  On March 2, 1949, Guastamachio assigned to the plaintiff all his "right, title and interest in and to any insurance money to be paid as the result of a fire to [the] restaurant . . . Pavano being the holder of a chattel mortgage on the fixtures and equipment of said restaurant which suffered damage by reason of said fire."  Guastamachio also waived "any and all claims in and to any proceeds to be paid by [the] insurance company as the result of payment for damages caused by said fire," released to the plaintiff all his "right, title and interest in and to the fixtures and personal property and equipment in said res-

taurant," and authorized their removal by the plaintiff. On the same day the plaintiff released and discharged Guastamachio from all claims and debts, and especially from any claims on the note and the chattel mortgage of the restaurant equipment given by him to the plaintiff. On March 29, 1949, Guastamachio filed with the defendant a proof of loss which was signed but not sworn to. On August 24, 1949, this action was instituted. On December 22, 1949, Guastamachio gave the defendant a release of all claims under the policy upon the repayment by it of $157.66, the unearned premium on the policy. The defendant has made no payment for loss under the policy.

The defendant makes three primary claims which embrace several of the errors assigned. The first is that the plaintiff had no right to sue in his own name. The second is that, in any event, his March 2, 1949, release of Guastamachio from any further liability on the mortgage note eliminated any possible cause of action by the plaintiff as loss payee on the policy. The third is that any potential cause of action in the plaintiff was defeated by the failure of the insured to make proper proof of loss and respond to a demand for further examination.

The first contention is without merit. It is true that the contract of insurance was one between Guastamachio and the defendant. The plaintiff was not a party thereto. Clearly, however, in so far as the loss-payable-to-the-mortgagee clause was concerned, it was the intention of the parties that the contract should be for the benefit of the plaintiff. The plaintiff was a creditor of Guastamachio. The performance of the promise to pay the loss, if any, to the plaintiff as his mortgage interest might appear would, at least in part, satisfy the duty which

Guastamachio owed the plaintiff to pay the mortgage. In other words, the plaintiff was a so-called creditor beneficiary of the policy. It follows that the intention of Guastamachio and the defendant was that the latter should owe a direct obligation to the plaintiff under the contract. Consequently, as the third party beneficiary, the plaintiff is entitled to sue on the contract. *Colonial Discount Co.* v. *Avon Motors, Inc.*, 137 Conn. 196, 200, 75 A.2d 507; 4 Corbin, Contracts, § 796 and n.62, § 847 and n.43. The dicta to the contrary in *Meriden Savings Bank* v. *Home Mutual Fire Ins. Co.*, 50 Conn. 396, 398, and *Sisk* v. *Rapuano*, 94 Conn. 294, 297, 108 A. 858, are overruled. The foregoing constitutes a sufficient answer to the defendant's first claim.

Its second is also fully met. The unpaid balance due the plaintiff on the mortgage note exceeded the damage done by the fire to the insured property by nearly $3500. Since the loss had already occurred and become payable while the mortgage debt was still outstanding, the right of the plaintiff to receive all of the insurance money due, up to the amount required to satisfy the outstanding debt, had become absolute. *Sisk* v. *Rapuano*, supra, 298. The arrangement between Guastamachio as mortgagor and the plaintiff as mortgagee, in connection with the release of the mortgage, was that it would take both what was left of the equipment and the proceeds of the insurance to satisfy the mortgage debt. It follows that the release of the mortgage did not release the insurer.

Although the plaintiff had the right to sue the insurer on the contract, his substantive rights were no better than those acquired under the policy by Guastamachio. Any defenses good against Guastamachio are good against the plaintiff. *Collinsville*

*Savings Society* v. *Boston Ins. Co.,* 77 Conn. 676, 60 A. 647; *Tuttle* v. *Jockmus,* 111 Conn. 269, 278, 149 A. 785. Consequently, the obligation of the defendant to the plaintiff is contingent upon the fact that liability of the defendant by the terms of the policy to pay the loss existed at the time judgment was entered for the plaintiff. If the insured failed to comply with the conditions of the policy essential to establish liability under it, or if after such liability arose he either failed to fulfil the terms of the policy relating to the adjustment of the loss or by other conduct extinguished liability in whole or in part, the plaintiff's right of recovery would be precluded accordingly. Consideration of the defendant's further contention that the court erred in charging the jury on estoppel is thus required.

The defendant claims that there was no liability under the policy because the insured failed to comply with the express conditions as to submitting to examination under oath and as to furnishing a requisite proof of loss. One provision of the policy was that the "insured, as often as may be reasonably required, shall ... submit to examinations under oath by any person named by this Company." It is undisputed that after what the plaintiff claimed had transpired incident to the filing of a proof of loss on March 29, 1949, as appears from his claims of proof recited below, the defendant's attorney first wrote to Guastamachio on May 26, 1949, demanding that he submit to an examination under oath. The court sufficiently charged the jury upon this issue and in this connection properly instructed them that the conferences, if any, which the insured had previously had with the defendant's adjuster incident to the preparation of a proof of loss could properly be considered in determining whether the examina-

tions requested were "reasonably required." Another provision required that the insured file a proof of loss, containing the information specified, within sixty days after the loss, and that it be "signed and sworn to by the insured." The plaintiff's claims of proof were that Guastamachio in the presence of the defendant's agent on March 25, 1949, signed a proof of loss, that the loss was determined and set by the agent, who examined the bids and proposals of contractors estimating the damage, that this agent totaled all the items and fixed the loss at $4320, and that thereupon the proof of loss was sent to the defendant, which received it March 29, 1949. The defendant's claim of proof was that on May 26, 1949, the proof of loss was rejected by a letter from its attorney to Guastamachio. The court properly defined estoppel and sufficiently explained its possible effect as related to the conduct of the defendant's representatives in connection with the submission of the proof of loss. The court did not err in its charge to the jury.

The sole remaining question is whether, after Guastamachio had complied with the conditions establishing liability under the policy, as was implicitly determined by the jury's verdict, his subsequent act on December 22, 1949, in giving to the defendant a release of all liability under the policy affected the plaintiff's right of recovery under the principle stated above. Both in the trial court and before us counsel for the plaintiff urged the impropriety of the defendant's conduct in procuring this release and pleading it as a defense. In consequence, the defendant both in oral argument and in its brief suggested that, if this court should feel that "in good conscience even though with legal right, the defendant should not have pleaded its settlement with the

assured as a defense to the plaintiff's action," it would prefer to drop that defense altogether. We are satisfied that this suggests the proper course and treat the appeal accordingly. It follows that there was no conduct on the part of Guastamachio, the insured, which extinguished the defendant's liability on the policy. The judgment for the plaintiff therefore cannot be disturbed.

There is no error.

In this opinion the other judges concurred.