UNITED STATES of America, Plaintiff,

v.

LITITZ MUTUAL INSURANCE COMPANY, J.B. Reed Agency, Inc., Ronald Jack Edwards, Defendants.

No. C–87–613–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Aug. 31, 1988.

Richard L. Robertson, Asst. U.S. Atty., Greensboro, N.C., for plaintiff.

Barbara E. Brady and W. Thompson Comerford, Jr., Alan R. Gitter, Winston-Salem, N.C., for defendants.

---

## MEMORANDUM OPINION

ERWIN, Chief Judge.

This matter is before the court on motions for summary judgment filed by the United States of America on behalf of the Farmers Home Administration, Lititz Mutual Insurance Company, and a joint motion for summary judgment filed by defendants J.B. Reed Agency, Inc. and Ronald Jack Edwards. The parties have briefed the issues, and the matters are ready for a ruling. The court grants partial summary judgment only to the extent of ruling that Lititz Mutual Insurance Company is liable for insurance proceeds to the Farmers Home Administration as the assignee of an insurable interest. The court denies the motions as they relate to other issues.

### Factual Background

Plaintiff Farmers Home Administration (FmHA) was the mortgagee on a home owned by Jo Ann and Joe Bill Manuel. Mr. Manuel intentionally set the house on fire on August 16, 1985. At the time of the loss, Lititz Mutual Insurance Co. (Lititz) was the insurer of the property with the FmHA covered as a mortgagee under the policy. The property and dwelling were encumbered by a deed of trust in favor of the FmHA and by a mortgage debt which at the time of the loss was $34,236.12. The J.B. Reed Agency, Inc. (Reed) filed a notice of loss with Lititz on August 21, 1985, and an adjustor was assigned to the case. Reed is the insurance agency through which the Manuels obtained their policy with Lititz.

On August 23, 1985, just one week after the fire, the Manuels executed an offer to convey their interest in the mortgaged property and to assign their claim to insurance proceeds due after the loss to the FmHA in full satisfaction of their mortgage debt. FmHA did not immediately accept the offer. Instead, FmHA instituted a title search on the property and called defendant Ronald Jack Edwards, an employee of Reed, in order to ascertain that the transfer of the property would not hurt its claim to insurance proceeds. The parties dispute the particulars of that conversation and dispute whether the plaintiff should have relied on Edwards' statements.

Based on the conversation with Edwards, the FmHA accepted the Manuels' offer in full satisfaction of the mortgage debt and released the Manuels from further liability on either September 9 or 10, 1985. Lititz did not investigate the fire or estimate the damage to the premises before the FmHA accepted the agreement. On October 18, 1985, Mr. Manuel entered a plea of guilty to an arson charge. Thereafter, FmHA sold the damaged premises to a third-party purchaser for $16,000.00.

### Discussion

■ Under the insurance policy, FmHA had a right to insurance proceeds to the extent of its interest in the property regardless of whether defendant denied any claim the Manuels might have and regardless of any changes in ownership just as long as plaintiff notified defendant of such changes. These clauses create a standard mortgage insurance policy which is uniformly considered as creating "a separate contract with the mortgagee just as if the [mortgagee] had applied for the insurance entirely independently of the mortgagor." 5A J. Appleman & J. Appleman, Insurance Law and Practice § 3401, at 287–88 (1970).

At the time of the fire loss, a mortgagee is entitled to the full deficiency between the damaged value of the property and the mortgage debt. *See Sprouse v. North River Insurance Co.*, 81 N.C.App. 311, 344 S.E.2d 555 (1986). However, foreclosure or any other action by the mortgagee which results in the "subsequent partial or full extinguishment of the debt giving rise to the insurable interest [reduces] the loss-payee's interest in the proceeds to the extent the debt has been satisfied." *Calvert Fire Insurance Co. v. Environs Development Corp.*, 601 F.2d 851, 856 (5th Cir. 1979). Most state and federal courts deciding the issue have denied a mortgagee recovery under a policy where they have recovered the entire mortgage debt through foreclosure or through some other means. *See, e.g., Rosenbaum v. Funcannon*, 308 F.2d 680 (9th Cir.1962); *Mann v.*

*Glen Falls Insurance Co.*, 541 F.2d 819 (9th Cir.1976); *Insurance Company of North America v. Citizens Insurance Co. of New Jersey*, 425 F.2d 1180 (7th Cir.1970); *Hellman v. Capurro*, 92 Nev. 314, 549 P.2d 750 (1976); *Lembo v. Parks*, 6 Mass. App. 850, 372 N.E.2d 1316 (1978). The court's rationale for the rule is that "to allow recovery of insurance proceeds by the mortgagee after full satisfaction of the debt would amount to the mortgagee's unjust enrichment." *Nationwide Mutual Fire Insurance Co. v. Wilborn*, 291 Ala. 193, 199, 279 So.2d 460, 464 (1973). *See also Calvert*, 601 F.2d at 856. ("This rule is intended to prevent a creditor from receiving a double payment.")

Plaintiff attempts to distinguish these cases by arguing that, in this case, there is no concern about unjust enrichment since it received only the value of the damaged property by selling it and not a full satisfaction of the mortgage debt. Thus, plaintiff argues that it is entitled to the $18,-236.00 deficiency. Defendant, however, notes several cases where, as here, the mortgagee only received a technical, rather than an actual, full satisfaction of the mortgage debt. In *Insurance Co. of North America*, for instance, the mortgagor agreed to deed the mortgaged property to the mortgagee in lieu of the mortgage debt. Although the agreement was entered into prior to the fire loss, it was not consummated until after the fire. The court ruled that the agreement extinguished the mortgage debt, made the mortgagee the owner, and terminated the mortgagee's insurable interest in the insurance policy.

Similarly, in *Mann*, the mortgagee, failing to reach a settlement with the insurer after the fire loss, discharged the mortgage debt by accepting the deed in lieu of foreclosure. The court found that this act extinguished the mortgagee's insurable interest. Finally, in *Moke Realty Corp. v. Whitestone Savings and Loan Ass'n*, 82 Misc.2d 396, 370 N.Y.S.2d 377 (1975), *aff'd*, 51 A.D.2d 1005, 382 N.Y.S.2d 289 (1976), *aff'd*, 41 N.Y.2d 954, 394 N.Y.S.2d 881, 363 N.E.2d 587 (1977), the court found the plaintiff's right to recover the deficiency

barred by a state law that required timely filing of deficiency motions. Under that law, the proceeds of a sale, regardless of the amount, are deemed to be in full satisfaction of the mortgage debt if the deficiency motion is untimely. *Id.* 370 N.Y.S. 2d at 380.

Plaintiff argues that these cases involving technical satisfactions of the mortgagee debt are still distinguishable since, unlike in this case, the mortgagees did not protect their right to the deficiency by obtaining an assignment of the mortgagor's right to any insurance proceeds resulting from the property loss. Hence, although plaintiff may have no rights to the proceeds as a mortgagee, he does as an assignee. Neither of the parties cited any cases supporting this novel contention. The court, however, located a somewhat analogous situation in *Pavano v. Western National Insurance Co.*, 139 Conn. 645, 96 A.2d 470 (1953). In *Pavano*, the insurer issued a policy to the mortgagor covering him against the loss of restaurant equipment. The policy named the mortgagee of the chattels mortgage as the payee "as his interest may appear." Subsequent to a fire, the mortgagee released and discharged the mortgagor of all claims and debts on the note and mortgage, and the mortgagor assigned to the mortgagee all of his right, title, and interest in the equipment and to any insurance money to be paid as a result of the fire. The deficiency between the mortgage debt and the damaged property was $3,500.00.

The insurer argued that the release of the mortgagor from the mortgage eliminated any insurable interest of the mortgagee. The court, however, disagreed. Although it is not clear if the court allowed the mortgagee recovery on the basis of its position as the mortgagee or as the assignee, the court stated:

> The unpaid balance due the plaintiff on the mortgage note exceeded the damage done by the fire to the insured property by nearly $3500. Since the loss had already occurred and become payable while the mortgage debt was still outstanding, the right of the plaintiff to

receive all of the insurance money due, up to the amount required to satisfy the outstanding debt, had become absolute. *Sisk v. Rapuano, supra,* 94 Conn. 298, 108 A. 858. The arrangement between Guastamachio as mortgagor and the plaintiff as mortgagee, in connection with the release of the mortgage, was that it would take both what was left of the equipment and the proceeds of the insurance to satisfy the mortgage debt. It follows that the release of the mortgage did not release the insurer.

*Pavano,* 139 Conn. at 649, 96 A.2d at 471.

Similarly, the Manuels assigned their rights to the property and all unpaid insurance claims to the plaintiff. This is clear from the offer to convey which, although it states that the Manuels were assigning the property in "full satisfaction of" the mortgage debt, assigns to the FmHA "all our right, title and interest in ... all unpaid claims arising from insurance policies in effect at any time on any buildings on said property." Although Mr. Manuel may have destroyed his right to insurance proceeds by burning the house, Mrs. Manuel still had an insurable interest in the property. *See Lovell v. Rowan Mutual Fire Insurance Co.,* 302 N.C. 150, 274 S.E.2d 170 (1981). (Court held that insurance proceeds arising from the husband's intentional burning of the house are divisible property even though the husband's share is forfeited.)

■ The court is aware that the insurance policy at issue states that an "[a]ssignment of this policy shall not be valid unless we give our written consent." However, the rule in many jurisdictions is that a policy clause attempting to so restrict an assignment is not effective after a loss has occurred and that a mortgagor can assign the proceeds due to the mortgagee under the insurance policy. *See generally,* 5A J. Appleman & J. Appleman, Insurance Law and Practice § 3458, at 408, § 3385, at 267 (1970). Furthermore, the Manuels only assigned their right to unpaid claims due them under the policy, not the policy itself. Thus, the assignment clause is not even applicable. *Compare, Aetna Casualty*

*and Surety Co. v. Valley National Bank of Arizona,* 15 Ariz.App. 13, 485 P.2d 837 (1971) (assignment is not of the policy itself but of the claim under the policy).

Hence, the court finds as a matter of law that plaintiff's insurable interest as a mortgagee is extinguished as a result of its cancellation of the Manuels' debt. However, as the assignee of the Manuels' right to the unpaid claim, plaintiff is entitled to insurance proceeds possibly to the full extent of the deficiency between the value of the damaged property and the mortgage debt. The court finds this to be the equitable result since there is no concern here, as in many of the cases discussed above, of the mortgagee gaining a double recovery. Any unjust enrichment would have accrued to Lititz if this court had ruled otherwise since the defendant would have avoided paying proceeds to both the mortgagors and the mortgagee.

It is unclear from the record how much either of the Manuels might be entitled to under the policy, although it is probable that Mr. Manuel has forfeited his right to any recovery. Secondly, it is unclear if plaintiff is entitled to all of Mrs. Manuel's proceeds, although it probably is since Mrs. Manuel assigned all her rights to unpaid insurance claims to plaintiff. Given these uncertainties, the court cannot grant summary judgment as to the extent of FmHA's recovery.

■ Finally, the court denies summary judgment as to all the defendants' motions as they relate to the culpability and liability of Ronald Jack Edwards and the J.B. Reed Agency, Inc. The court finds that there exist issues of material fact as to the role Edwards and his agency played in advising FmHA of how to handle the mortgage debt and as to whether his acts are binding on Lititz. For instance, the parties disagree over whether Edwards advised FmHA to seek an attorney's or adjustor's advice prior to the acceptance of the Manuel's deed. They further disagree over whether Edwards' acts were negligent, thus making him liable and possibly limiting the defenses and arguments available to Lititz. Such negligence claims "are rarely susceptible of

summary adjudication and should ordinarily be resolved by trial of the issues." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983).

*Conclusion*

For the reasons set forth above, defendants' motions for summary judgment are denied. Plaintiff's motion for summary judgment is granted only to the extent of establishing the liability of Lititz to it as the assignee of the Manuels' claims under the insurance policy.