[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is seeking summary judgment in this action in which the plaintiff, Jeffrey Wright, claims that State Farm breached an insurance contract, violated the Connecticut Unfair Insurance Practices Act ("CUIPA"), Connecticut General Statutes §§ 38a-816, et seq., and the Connecticut Unfair Trade Practices Act. § 42-110a et seq. ("CUTPA"). The suit arises from the alleged theft of Wright's 1993 BMW automobile which was covered by an insurance policy issued by State Farm. In the Revised Complaint of July 16, 1996 Wright alleges that State Farm has failed to pay his claim for loss of the vehicle.
State Farm has filed the following Special Defenses:
 1. The policy of insurance pursuant to which the plaintiff has asserted his claim provides that a person seeking any coverage must cooperate with us in the investigation, settlement or defense of any claim or suit. The plaintiff has breached this provision of the policy, and therefore, he has forfeited his coverage.
 2. The policy of insurance pursuant to which the plaintiff has asserted his claim provides that a person seeking any coverage must submit, as often as the defendant reasonably requires, to examinations under oath and to subscribe the same. The plaintiff has breached this provision of the policy, and therefore, he has forfeited his coverage.
 3. The policy of insurance pursuant to which the plaintiff has asserted his claim provides that no legal action may be brought against the defendant until there has been full compliance with all terms of the policy. The plaintiff CT Page 11322 failed to fully comply with all terms of the policy prior to bringing this action. The plaintiff's suit against the defendant therefore is barred.
The following facts have been admitted by Wright pursuant to Requests for Admission filed by State Farm. The plaintiff seeks to recover insurance proceeds for the theft of a 1993 BMW 318 18 which is listed as a covered automobile under a policy of insurance issued by State Farm. Prior to the filing of this lawsuit, and on or about February 14, 1996, counsel for State Farm notified the plaintiff that pursuant to the terms of the insurance policy the defendant wanted to take the plaintiff's examination under oath. On or about March 7, 1996, counsel for the defendant requested the plaintiff, in writing, to advise the defendant of the plaintiff's dates of availability for purposes of the defendant's scheduling of the examination under oath.
On or about April 22, 1996 counsel for State Farm notified the plaintiff's counsel that the plaintiff's examination under oath was scheduled for 10:00 a.m. on Thursday, May 16, 1996. Prior to the commencement of that examination under oath, the plaintiff's attorney advised State Farm's attorney that the plaintiff would not appear at the examination under oath and that the plaintiff would file a lawsuit to recover the insurance proceeds.
Wright's policy with State Farm provides that a person seeking any coverage must, "[c]ooperate with us in the investigation, settlement or defense of any claim or suit," and "[s]ubmit, as often as we reasonably require: . . . to examination under oath and subscribe the same." The policy also provides that "[n]o legal action may be brought against us until there has been full compliance with all the terms of the policy."
Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Connecticut Bank Trust Co. v. CarriageLane Associates, 219 Conn. 77,. 780-81, 595 A.2d 334 (1991);Lees v. Middlesex Ins. Co., 219 Conn. 644, 650, 594 A.2d 952
(1991). Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact; ID.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, CT Page 11323429 A.2d 908 (1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact, together with the evidence disclosing the existence of such an issue. Practice Book §§ 380, 381; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co v. Benson, 176 Conn. 304, 309,407 A.2d 971 (1978): Strada v. Connecticut Newspapers, Inc.,193 Conn. 313, 317, 477 A.2d 1005 (1984). The test is whether a party would be entitled to a directed verdict on the same facts.Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471 (1982):New Milford Savings Bank v. Roina, 38 Conn. App. 240, 243-44,659 A.2d 1226 (1995).
Summary judgment should only be granted if the pleadings, affidavits and other proof submitted demonstrate that there is no genuine issue as to any material fact. Scinto v. Stam,224 Conn. 524, 530, cert. denied, 114 S.Ct. 176, 126 L.Ed.2d 136
(1993); Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116
(1991).
"In an action on [an insurance] policy, the insurer's duty to comply with the policy provisions arises from a private insurance agreement and is contractual in nature." Lees v. MiddlesexInsurance Company, 219 Conn. 644, 653, 594 A.2d 952 (1990). "If the insured failed to comply with the conditions of the policy essential to establish liability under it, or if after such liability arose he either failed to fulfill the terms of the policy relating to the adjustment of the loss or by other conduct extinguished liability in whole or in part, the plaintiff s right of recovery would be precluded accordingly." Pavano v. WesternNational Insurance Company, 139 Conn. 645, 650, 96 A.2d 470
(1953). "Absent estoppel, waiver or other excuse, the substantial or material breach of the cooperation provisions of the insurance policy by an insured puts an end to the insurer's obligation."Brown v. Employer's Reinsurance Corp., 206 Conn. 668, 675,539 A.2d 138 (1988).
The plaintiff does not deny that he failed to attend the examination under oath and has offered no explanation for such failure. Rather, he argues that he answered questions by a State Farm adjuster concerning the theft on one prior occasion and State Farm's request for an examination under oath was, therefore, unreasonable. The plaintiff has provided no law which CT Page 11324 supports his implicit argument that talking to an adjuster, either by telephone or in person, is equivalent to an examination under oath. An examination under oath is not the equivalent of a mere conversation between the insurance company representative and the claimant. It is generally conducted by an attorney and the claimant gives sworn testimony which is generally taken down verbatim by a stenographer.
In opposition to the Motion for Summary Judgment Wright has produced transcripts of two conversations that he had with representatives of State Farm. The second transcript pertains to Wright's claim that the BMW was involved in an accident with an unknown, unidentifiable vehicle and is not relevant to this action. The plaintiff offered the transcripts to support his claim that State Farm's request for an examination under oath was unreasonable. However, a review of the transcript of Wright's conversation with the State Farm representative leads to the opposite conclusion.
The pertinent portions of Wright's conversation with a State Farm representative on November 20, 1995 are summarized as follows. Wright told the State Farm representative that he was 25 years of age, had never had a driver s license, and had never filed an income tax return. Wright purchased the BMW for $29,000 in 1994 when he was working for a carpet company earning $480 per week in cash. Wright claimed to have paid thousands of dollars for things such as a new interior and new wheels for the BMW, but he had no receipts for those improvements. His monthly payment for the loan on the BMW was approximately $389. He had lost his job in August, 1995 and the BMW was allegedly stolen in October, 1995. Wright did not garage the BMW at his residence, but at the residence of a friend in another town. The BMW was parked at the friend's residence when it was allegedly stolen.
Other jurisdictions have decided that the insured's failure to comply with a policy provision requiring examination under oath forfeits his rights under the policy, even when the reason for non-compliance is the fifth amendment privilege against self-incrimination. In Kisting v. Westchester Fire InsuranceCompany, 290 F. Sup. 141 (W.D.Wis. 1968), the court granted the defendant fire insurance company's motion for summary judgment, stating that "[i]t is well settled in other jurisdictions that noncompliance with a provision in an insurance policy requiring the insured to submit to an examination under oath precludes recovery by the insured." Id. at 147. CT Page 11325
In a similar case, a Georgia circuit court affirmed the lower court which granted summary judgment for a defendant insurance company. The policy provided that in case of a loss to which the insurance may apply, the insured shall, as often as the insurer reasonably requires, "submit to an examination under oath and subscribe the same." Pervis v. State Farm Fire CasualtyCompany, 901 F.2d 944, 946 (11th Cir. 1990). The court inPervis held: "[It] is clear that the plaintiff s refusal to submit to the requested examination under oath constitutes a breach of the insurance contract. . . ." Id. The court went on to say. "[the] fifth amendment privilege against self-incrimination does not in this case excuse appellant from fulfilling his contractual obligation . He must be held to the express terms of the agreement. He is not compelled to incriminate himself. He is, however, bound by the provisions to which he stipulated when he signed the insurance agreement." Id.
Wright failed to comply with the policy provision requiring him to submit to an examination under oath and, therefore, he breached the insurance contract with State Farm. State Farm's alleged failure to make payment under the policy forms the basis of Count Two and Count Three of the Revised Complaint, which allege a violation of CUIPA and CUTPA, respectively. As stated above, Wright's failure to comply with the terms of the policy relieved State Farm of its obligations thereunder. Having no obligation to pay under the policy, State Farm could not have violated CUIPA or CUTPA. For the foregoing reasons, summary judgment may enter in favor of State Farm on all counts of the Revised Complaint.
By the court,
Aurigemma, J.