AL KNAPP *v.* NEW HAVEN ROAD CONSTRUCTION COMPANY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

322

Argued January 2—decided February 19, 1963

*John J. Resnik,* with whom, on the brief, was *Nathan A. Resnik,* for the appellant (defendant).

*Joseph P. Nucera,* with whom, on the brief, was *Gerard S. Spiegel,* for the appellee (plaintiff).

KING, J.   This case grows out of a contract entered into on May 22, 1953, between Colby Estates, Inc., hereinafter referred to as Colby, a development corporation, and New Haven Road Construction Company, Inc., hereinafter referred to as New Haven.   The contract recited that Colby had contracted with Alson F. Knapp, the plaintiff in this action, for the construction of certain roads in a development owned by Colby, that Knapp was unable to perform his contract according to its terms, that Colby was willing to release Knapp from any

liability under that contract and that Knapp was willing and had agreed to release Colby from any liability due or owing to him under his contract. The contract then provided that New Haven (1) would finish the construction project commenced by Knapp which in its entirety involved the building of 6965¼ feet of roadway and (2) should receive therefor, from Colby, $3.40 per running foot. It was further agreed that Knapp had been paid $7367.50 by Colby and that upon completion of the contract work Colby would pay New Haven "only the further sum of $16,314.35, plus the sum of $280.00 for extras."

In a separate paragraph of the contract, New Haven agreed to pay to the Trumbull Sand and Gravel Company the sum of $2547, and to the Connecticut Distributing Corporation the sum of $1235.48, for gravel and oil supplied to Knapp. The finding does not disclose whether the oil and gravel had been wholly consumed by Knapp in his part performance of his contract with Colby or whether New Haven had received or was intended by the parties to the contract to receive the benefit of those materials in completing the work under the new contract. In another separate paragraph immediately following, New Haven agreed that if either the Trumbull Sand and Gravel Company or the Connecticut Distributing Corporation should bring suit against Colby to recover the sums owing to them, New Haven would undertake the defense of the suits and hold Colby harmless from any liability or obligation arising as a result of their claims. Under what theory Colby would be liable to either of the suppliers is not disclosed, and it does not appear that either supplier has sued Colby or any other party to the contract.

In the present action, in which he recovered judgment, Knapp, as the sole plaintiff, sued New Haven, as the sole defendant, claiming that New Haven failed to pay the amounts it agreed, under the terms of the contract, to pay to him or to the two suppliers, the Trumbull Sand and Gravel Company and the Connecticut Distributing Corporation. Whether any payments had been made by New Haven to either supplier does not appear from the finding. The finding does recite that in a so-called stipulation, which does not appear in the record, it was agreed that the amount of the recovery by the plaintiff, if any, should be $3279.35, "plus interest from the date of the obligation."

Knapp was not a party to the contract, and the obligation assumed by New Haven was, on its face at least, to pay the suppliers, not to pay Knapp. Whether the suppliers themselves were third party beneficiaries is a question not involved in the case as presented. See *Schneider* v. *Ferrigno*, 110 Conn. 86, 147 A. 303. Neither of the two suppliers nor Colby, the promisee in the contract, is a party to this action. Knapp's right of recovery, according to the theory upon which the case was pleaded, tried and decided, depended upon a showing that Knapp was in some way a third party beneficiary. Cf. *Sanders* v. *Black,* 136 Colo. 417, 318 P.2d 1100, discussed in 4 Corbin, Contracts § 795 (Sup. 1962, p. 43), with *Harvey* v. *Lowry,* 204 Ind. 93, 183 N.E. 309, discussed in 4 Corbin, Contracts § 796, p. 156.

It was the burden of the plaintiff to prove facts sufficient to show that he himself had a cause of action. It is not enough for him to prove a cause of action on the part of Colby; nor on the part of the two suppliers, whether as third party beneficiaries or otherwise. *Wexler Construction Co.* v. *Housing*

*Authority*, 149 Conn. 602, 605, 183 A.2d 262. He is not a third party beneficiary in the usual sense of the term, since the contract contains no express language creating an obligation running to him. His status is distinct from that of the two suppliers. New Haven by an express provision in the contract directly obligated itself to pay the indebtedness apparently owed by someone to each supplier. In this connection, see 4 Corbin, Contracts §§ 779G, 795.

"[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." *Colonial Discount Co.* v. *Avon Motors, Inc.*, 137 Conn. 196, 201, 75 A.2d 507; to the same effect are *Pavano* v. *Western National Ins. Co.*, 139 Conn. 645, 648, 96 A.2d 470; *Congress & Daggett, Inc.* v. *Seamless Rubber Co.*, 145 Conn. 318, 324, 142 A.2d 137; see 4 Corbin, op. cit. § 777.

The real question before the court was whether it was the intent of the parties to the contract that New Haven should assume a direct obligation to Knapp. If the court reached a conclusion that such an intent existed, the subordinate facts on which that conclusion was based should have been set forth in the finding. Although the memorandum of decision indicates that the court took this approach, its finding contained nothing as to the parties' intention but did contain a conclusion that the contract "created a direct obligation from the defendant to the plaintiff as a third-party beneficiary." If

it did create such a direct obligation, it would have to be, under our rule, because the parties to the contract so intended. New Haven, in an assignment of error, attacks the court's conclusion as being without support in the subordinate facts as found. No subordinate facts were found as to the circumstances attending the making of the contract or the motives or purposes of the parties to it. Nor was there any language in the contract itself indicative of an intent that New Haven should assume a direct obligation to Knapp, as distinguished from a direct obligation to Colby or to the suppliers. The finding fails to contain subordinate facts concerning the intention of the parties, and the conclusion attacked must fall. Without this conclusion, the judgment cannot stand.

It is true, of course, that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary. Cf. *Gilden* v. *Singer Mfg. Co.,* 145 Conn. 117, 118, 139 A.2d 611; *McCaffrey* v. *United Aircraft Corporation,* 147 Conn. 139, 142, 157 A.2d 920, cert. denied, 363 U.S. 854, 80 S. Ct. 1636, 4 L. Ed. 2d 1736. The recitals in the contract indicate that some prior contract existed between Colby and Knapp, that Knapp had failed fully to perform it, and that he had, in effect, agreed to its rescission or at least to its termination without liability on the part of either party to the other. See *Stern & Co.* v. *International Harvester Co.,* 148 Conn. 527, 532, 172 A.2d 614. It is possible that Knapp conditioned his acquiescence in such a termination and in New Haven's completion of the work covered by the contract upon the undertaking of New Haven to make the stated payments to the two suppliers of the amounts apparently owed to them

by Knapp. Whether these or other findings could properly have been made cannot be determined from the record. Indeed, whether, if made, they could have supported a conclusion that the intent of Colby and New Haven, in inserting in the contract New Haven's undertaking to pay the two suppliers, was that New Haven should assume a direct obligation to Knapp as well as to the two suppliers, we cannot now determine. This general uncertainty may have resulted from an inadequate presentation of the case. In any event, a new trial must be ordered.

The court found that Colby failed to pay New Haven the sum of $7268.50, which is still owing to it from Colby under the terms of the contract, and that New Haven has fully performed its contract except for the payments to be made to the suppliers. Whether Colby's failure to pay operated to deprive Colby, Knapp or the suppliers of any cause of action they might otherwise have had is a matter which cannot be determined on the present finding and which it does not appear that the court considered. See *Tuttle* v. *Jockmus,* 111 Conn. 269, 278, 149 A. 785; *Ryan* v. *Rizzo,* 114 Conn. 467, 473, 159 A. 272; *Rifkin* v. *Safenovitz,* 131 Conn. 411, 415, 40 A.2d 188; *Pavano* v. *Western National Ins. Co.,* 139 Conn. 645, 648, 96 A.2d 470; 4 Corbin, op. cit. § 819; 2 Williston, Contracts (3d Ed.) § 395; Restatement, 1 Contracts § 140, illust. 4, 5, & Conn. Annot.; 12 Am. Jur., Contracts, § 298. The governing test is given in cases such as *Lach* v. *Cahill,* 138 Conn. 418, 421, 85 A.2d 481, and *Leonard* v. *Dyer,* 26 Conn. 172, 176.

On a new trial careful consideration should be given to the desirability of adding Colby and the two suppliers as parties in order to achieve proper

protection against a "double recovery," as more fully explained in 4 Corbin, op. cit. § 824. See also General Statutes §§ 52-102, 52-107, 52-108; *Baurer* v. *Devenis,* 99 Conn. 203, 215, 121 A. 566.

The other assignments of error cover matters not likely to recur on a new trial and need not be discussed.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.