[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLY GEM INDUSTRIES, INC. FOR SUMMARY JUDGMENT ON COUNT NINE
In Count Nine plaintiff seeks to hold the defendant (Ply Gem) liable for alleged wrongdoing by its wholly owned subsidiary, Hoover Treated Wood Products, Inc. (Hoover) under Count Nine on two bases: (1) that Ply Gem controls and dominates Hoover and that Hoover is thus but an instrument of Ply Gem or that Hoover and Ply Gem are so united in fact that they have no separate entities; and (2) that Ply Gem has made plaintiff a third-party beneficiary of a certain Asset Purchase Agreement of September 28, 1983 by virtue of a guarantee contained therein.[1] Ply Gem moves for summary judgment on Count Nine.
LAW
I. Piercing the Corporate Veil
A. Instrumentality Rule
As plaintiff says, "the law under the instrumentality rule is not particularly helpful in analyzing Ply Gem's liability for the obligations of Hoover."
B. Identity Rule
The parties have each filed long briefs (Ply Gem a total of 39 pages and State a total of 49 pages) plus affidavits and voluminous exhibits (Ply Gem A through E and State A through T), totalling hundreds of pages.
Summary judgment procedure is "ill adapted to cases of a complex nature" and it "is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 375-376. This is such a case as it pertains to the concept of piercing the corporate veil.
II. Third Party Beneficiary
Plaintiffs claim to be a third party beneficiary derives CT Page 2730 from the contract entitled "Asset Purchase Agreement" (APA).
Whether or not a party may claim to be a third party beneficiary of a contract depends entirely on the intent of the parties to that contract as shown by "the terms of the contract read in the light of the circumstances attending its making including the motives and purposes of the parties." Knapp v. New Haven Road Construction Co. 150 Conn. 321, 325. In the APA there is no express language creating a direct obligation running to the plaintiff. "The real question before the court [is] whether it was the intent of the parties to the [APA] that [Ply Gem] should assume a direct obligation to [the State of Connecticut]" id. 325.
For the purpose of a summary judgment Ply Gem must submit proof to show that there is no genuine issue as to any material fact. Monteiro v. American Home Assurance Co.177 Conn. 281, 286. The material and ultimate fact to be found by the trier here is what was the intention of the parties. We will leave the "questions of motive, intent and subjective feelings" to that trier. United Oil Co. v. Urban Redevelopment Commission, supra 375-376.
Motion denied.
N. O'NEILL, J.