[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE
The plaintiffs, Rabia Ali and Lawrence Lifschultz, filed a six count amended complaint against the defendant, Community Health Care Plan, Inc. (CHCP). The defendant filed a motion to strike the second, third and fourth counts of the amended complaint.
In the second count, the plaintiffs allege that the defendant was careless and negligent, had a duty to Lifschultz to provide Ali "with medical care and treatment for pregnancy and its complications which met the accepted standard of obstetrical care and treatment," failed to do so, and caused Lifschultz' various CT Page 7879 damages. In the third count, the plaintiffs allege that the defendant breached its contract with Ali to provide medical care and treatment and that the defendant had "impliedly promised to provide plaintiff with competent and adequate medical care and treatment, including proper diagnosis of medical conditions." In the fourth count, the plaintiffs make the same allegations as in the third count but with respect to Lifschultz, and with the addition that Lifschultz "is an intended beneficiary of the contract between Plaintiff Ali and CHCP."
Regarding the second count, the defendant's grounds for its motion to strike are that the plaintiff Lifschultz "cannot bring a medical malpractice action for treatment rendered to his wife" and that "Connecticut does not recognize a cause of action for bystander emotional distress in a medical malpractice action." Regarding the third and fourth counts, the defendant's ground is that the plaintiffs do not have a cause of action for breach of contract because they "have failed to allege CHCP promised Mrs. Ali a particular result or cure, a requisite element of a breach of contract action against a health care provider." Regarding the fourth count, the defendant has an additional ground that the plaintiff Lifschultz "was not a party to the treatment rendered to Mrs. Ali, nor was he a third-party beneficiary of Ms. [sic] Ali's alleged contract with CHCP."
A motion to strike "test[s] the legal sufficiency of a complaint in terms of whether it states a cause of action." Prattv. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152. The court may strike counts of a complaint. Quimby v. Kimberly Clark Corporation,28 Conn. App. 660, 669, 613 A.2d 660 (1992).
The court must construe the complaint to favor sustaining its legal sufficiency; Michaud v. Warwick, 209 Conn. 407, 408,551 A.2d 738 (1988); and to favor the non-moving party. GordonBridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The court must deny a motion to strike if the alleged facts would support a cause of action. Westport Bank Trust Co.v. Corcoran, Mallin Aresco, 221 Conn. 490, 496, 605 A.2d 862
(1992). CT Page 7880
COUNT TWO: The Medical Malpractice Claim
Medical malpractice actions are a type of negligence action.Sackter v. St. Onge, 8 Conn. L. Rptr. 614 (April 16, 1993). "[A] physician is liable for medical malpractice only where there is a physician-patient relationship. " Pokorny v. Shafer,11 Conn. L. Rptr. 151
(February 28, 1994, Wagner, J.). General Statutes § 52-190a
requires "negligence in the care or treatment of the claimant"
before a medical malpractice action can be viable. (Emphasis in original.) Sackter v. St. Onge, supra. Lifschultz did not have a physician-patient relationship in the treatment of Ali. Lifschultz received neither care nor treatment when Ali received the pre-natal care and treatment out of which this lawsuit arose.
A physician is negligent if he performs beneath the standard of care for other physicians in his specialty. Logan v. GreenwichHospital Association, 191 Conn. 282, 300-02, 465 A.2d 294 (1983). "[T]here can be no actionable negligence, on the part of a physician where there is no physician-patient relationship. " Sackler v. St.Onge, supra, 8 Conn. L. Rptr. 614. Even absent a physician-patient relationship, "the physician still has a duty to conduct the examination so as not to cause harm to the patient." (Emphasis added.) Pokorny v. Sharer, supra, 11 Conn. L. Rptr. 152. "[A] physician in the exercise of his profession examining a person . . . owes that person a duty of reasonable care." (Emphasis added; internal quotation marks omitted.) Id. Ali, and not Lifschultz, was the patient and the one to whom CHCP's physician owed a duty. Absent a duty to Lifschultz, the defendant is not liable to him. The plaintiffs alleged negligence in ¶ 11 of the amended complaint; therefore, the defendant's motion to strike the second count of the plaintiffs' amended complaint is granted.[1]
 COUNTS THREE and FOUR: The Breach of Contract Claim
"There appears to be two lines of Superior Court decisions regarding the relationship between a medical malpractice claim and a breach of contract claim. To be separate from a malpractice claim, the plaintiff must allege that the defendant doctor assured or warranted a specific result, as opposed to a situation where the doctor makes a generalized statement that the result will be good." (Internal quotation marks omitted.) Picarazzi v. Fichera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 30 62 12 (December 12, 1994, Maiocco, J.). A consensual relationship usually exists between physician and patient, and the physician impliedly agrees to treat the patient properly. Starkweather v.CT Page 7881Manchester Memorial Hospital, 8 CSCR 464, 465 (April 14, 1993, Hammer, J.). Thus, a medical malpractice action is a tort action unless the physician "by express contract agrees to effect a cure or warrant that a particular result will be obtained." (Internal quotation marks omitted.) Id.
"However, the other line of cases do not require a special agreement. A breach of contract case is entirely separate from malpractice. . . . Two distinct causes of action may arise from one wrong." (Citations omitted; internal quotation marks omitted.)Picarazzi v. Fichera, supra. "A breach of contract count should not be stricken where it simply incorporates negligence allegations of a preceding count. . . ." Johnson v. Kaiser Foundation HealthPlan, Superior Court, judicial district of New Haven, Docket No. 31 24 41 (May 18, 1994, Gray, J.) (holding, that the plaintiff family had alleged facts "that a specific agreement existed between" them and the defendants, a health care plan and individual doctors, and denying the defendants' motion to strike the pertinent counts).
In Picarazzi v. Fichera, supra, the court emphasized that "[t]his court believes that the former line of cases represent a better reasoned approach. By requiring a special agreement, these cases eliminate those cases where the plaintiff has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice." (Internal quotation marks omitted.) The cases requiring that the physician assure or warrant a specific result are better reasoned because this criterion eliminates cases in which a doctor merely impliedly agreed to meet the requisite standard of care and not to commit malpractice.
The plaintiffs in the present case make no allegations that the defendant assured them or warranted to the many specific result with respect to Ali's pregnancy. To the contrary, the plaintiffs allege in count three, ¶ 4 of their amended complaint that "[p]ursuant to the contract, . . . the defendant impliedly promised . . . competent and adequate medical care and treatment." These allegations are the type that are to be barred by the criterion that a physician must warrant a specific result to a patient before becoming liable to her for breach of contract. The plaintiffs have failed to allege a necessary element of their breach of contract claim between a physician and a patient.
Accordingly, the defendant's motion to strike the third count of the plaintiff's amended complaint is granted. Count four of the CT Page 7882 plaintiffs' amended complaint makes the same allegations with respect to Lifschultz and is stricken for the same reasons.
COUNT FOUR: The Third Party Beneficiary Claim
"[T]he ultimate test to be applied [in determining whether a person has a right of action as third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary]. . . ." Knapp v. New Haven Road Construction Co.,150 Conn. 321, 325, 189 A.2d 386 (1963); Johnson v. Kaiser FoundationHealth Plan, supra. The issue is whether the contracting parties intended that the promisor and the third party should assume a direct relationship. Johnson v. Kaiser Foundation Health Plan,
supra. In Johnson, the court found that, "[t]he factual allegations of [the breach of contract] counts . . . lay a sufficient predicate for the claims of [the child whose birthing gave rise to the cause of action] as a third party beneficiary." Id.
The plaintiffs have not set forth allegations to lay a sufficient predicate that the defendant intended to assume a direct obligation to Lifschultz. Without such an intent, Lifschultz does not have a cause of action against the defendant as a third party beneficiary.
Accordingly, for these reasons also, the defendant's motion to strike the third count of the plaintiffs' amended complaint is granted.
Robert A. Martin, Judge