[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 23, 1995, the plaintiff, Michael J. Fox, filed a four count complaint in breach of contract and negligence against the defendants, Insurance Exchange, Inc. (Insurance Exchange) and Hartford Insurance Co. (Hartford). The facts as alleged in the complaint are as follows. Fox entered into a lease agreement for the rental of equipment used in the auto repair business with Auto Marine, Inc. (Auto Marine), and Jonathon Asch and Robert J. Curcio as guarantors. The terms of the lease required the lessee to keep the equipment insured and under that insurance policy the insurer was to give Fox thirty days notice before the policy could be altered or cancelled. Curcio, an officer and director of Plus Automotive (Plus), in order to comply with the lease sought insurance from the Insurance Exchange. The Insurance Exchange processed an insurance policy on behalf of Plus with Hartford, which named Fox as a certificate holder, and which stated that Hartford would "endeavor" to give thirty days notice should the policy be cancelled before the date of expiration. The policy was then cancelled without any notice Fox.
On November 3, 1995, the Insurance Exchange filed a motion to strike counts one and two of the plaintiff's complaint on the ground that the complaint does not allege any connection between Plus and Auto Marine, and Auto Marine was not a party to the insurance contract. Hartford filed a motion to strike counts three and four on the same ground on November 9, 1995. The plaintiff filed memoranda of law in opposition to the motions to strike on November 16, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorable to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily CT Page 13680 implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group, Inc., supra, 224 Conn. 215.
The defendants argue that the insurance policy at issue was entered into with Plus, not Auto Marine, therefore, the defendants did not owe any duty to the plaintiff. The plaintiff contends that he is a third-party beneficiary to the contract of insurance.
"[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." (Internal quotation marks omitted.) Knapp v. New HavenRoad Construction Co., 150 Conn. 321, 325, 189 A.2d 386 (1963).
The plaintiff has alleged that "Robert J. Curcio, an officer and director of Plus Automotive, Inc., in order to comply with thecontractual obligations set forth in Paragraph 8 of said leaseagreement, approached the defendant insurance agent, The Insurance Exchange, Inc. to obtain insurance coverage for the leased equipment as was required by Paragraph 8 of the written lease." Furthermore, the plaintiff has alleged that defendants were provided with a copy of the lease agreement and he was a certificate holder, and that as a certificate holder he was entitled to notice of cancellation. Therefore, the plaintiff has alleged facts sufficient to state a cause of action as a third party beneficiary. Accordingly, the defendants' motion to strike is denied.
RICHARD. J. TOBIN, JUDGE CT Page 13681