[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On January 18, 1996, the plaintiff, Ruth Maher, filed an amended two count complaint against the defendants, First National Supermarkets, Inc., d/b/a Edwards Super Food Stores (hereinafter Edwards) and Howard Juster, Ann Juster and Gary Juster, d/b/a Juster Management Co., a/k/a Juster Properties (hereinafter Juster). The cause of action arose out of the plaintiff's slip and fall on ice and/or snow on February 20, 1994 at approximately 8:20 a.m. while she was attempting to enter the Edwards Super Food Store at Avon Plaza in Avon, Connecticut.
In count one, the plaintiff alleges that she suffered injuries, damages, and pain and suffering due to the defendants' negligence. The plaintiff alleges that Juster owned commercial buildings at Avon Plaza and leased such a building to Edwards. She alleges that Edwards had "care, custody, control and supervision" of the parking lot and sidewalk immediately in front of the store. (Amended complaint, p. 2.) The plaintiff further alleges that, on the date she sustained her injuries, Juster had a "written lease agreement and/or contract" with Edwards for ice and snow removal from the parking lot and sidewalk immediately in front of the entrance to the Edwards store. (Id.) The plaintiff further claims that the "parking lot and sidewalk had been in a dangerous condition for a sufficient period of time that the CT Page 5284-GGGGGGGG [d]efendants knew, or in the exercise of reasonable care should have known, of its existence, the danger it posed to the public, and the need to take the necessary steps to correct said condition and/or warn the public thereof." (Id., p. 3.)
In count two, the plaintiff alleges that she was "a third-party beneficiary of the lease and/or contract between [the] defendant Edwards and defendant Juster regarding removal of ice and snow in and on the parking lot and sidewalk immediately in front of defendant Edwards' store." (Id., p. 6.) The "[d]efendant Juster breached said leases and/or contracts by failing to adequately remove, sand, melt, or otherwise dissipate ice and/or snow in and on the parking lot and sidewalk immediately in front of defendant Edwards' store on or about February 20, 1994." (Id.) The plaintiff further alleges that as a result of this breach of contract she was caused to fall and strike her body on the ground.
On January 29, 1996, Juster filed a motion to strike count two of the amended complaint on the ground that the plaintiff's allegations that she was a third party beneficiary of the lease and/or contract between Edwards and Juster do not set forth a claim upon which relief can be granted. Additionally, Juster filed a memorandum of law in support of the motion. On February 14, 1996, the plaintiff filed an objection to the motion to strike and a supporting memorandum of law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "The court must construe the facts in the complaint most favorably to the plaintiff." Id., 215. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,383 n. 2., 650 A.2d 153 (1994).
"If facts provable under the allegations would support a defense or a cause of action, a motion to strike must be denied." Id., 384. "If the plaintiff's complaint . . . contains the necessary elements of [the cause of action] it [will] survive a motion to strike." D'Ulisse-Cupo v. Board of Notre Dame HighSchool, 202 Conn. 206, 218-19, 520 A.2d 217 (1987). CT Page 5284-HHHHHHHH
In its memorandum of law in support of the motion to strike, Juster argues that count two does not contain the essential allegations for a claim of third-party beneficiary. Juster relies on Coburn v. Lenox Homes, Inc., 173 Conn. 567, 570, 378 A.2d 599
(1977), for the proposition that "one who was neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract. . . ." Juster argues that the plaintiff must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the plaintiff as a third party. Juster further argues that the plaintiff's claim to status of a third-party beneficiary is merely a legal conclusion, that she has not cited any legal authority to support a claim to such status, and that the second count is silent as to an assertion that the defendants intended to assume a direct obligation to her.
In opposition to Juster's motion to strike, the plaintiff counters that her allegations state a proper cause of action under Connecticut law. The plaintiff claims that she has set forth sufficient facts to establish that the defendants' intent in contracting for Juster's removal of snow and ice from the front of the store encompassed an intent to benefit the store's patrons, including the plaintiff. The plaintiff quotes GatewayCo. v. DiNoia, 232 Conn. 223, 230, 231, 654 A.2d 342 (1995) for the language that "[a] third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract." The plaintiff further relies on Gateway
for the proposition that the parties to the contract must have intended to create a direct obligation from one party to the third party beneficiary.
The plaintiff argues that she alleges facts which show that the defendants assumed a direct obligation to her. "The most primary and direct aim of the contract was to benefit the many customers which the parties could reasonably have anticipated would frequent the store. The primary use of the parking lot was to provide parking for customers of the store. The primary use of the sidewalk in front of the store was likewise primarily to provide access to customers. Therefore, a clear purpose of the ice and snow removal contract between the defendants was to make the entrance of the store more safely accessible to customers such as the plaintiff." (Memorandum of law in opposition to the motion to strike, p. 4.) The plaintiff further argues that the "determination as to the intentions of the defendants and the CT Page 5284-IIIIIIII circumstances attending the making or their contract for ice and snow removal are all factual issues which can only be determined by the trier or fact in the context of a trial on the merits." (Id., pp. 4-5.)
"[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." Stowe v.Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). "[I]t is true, of course, that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary." Knapp v. New HavenConstruction Co., 150 Conn. 321, 326, 189 A.2d 386 (1962). "[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Id., 325.
As a threshold requirement, the plaintiff, in the present case, has not set forth allegations to lay a sufficient predicate that Juster intended to assume a direct obligation to her. Without such intent, the plaintiff does not have a cause of action as a third party beneficiary against Juster. In the second count, the plaintiff alleges that she was "a third-party beneficiary of the lease and/or contract between [the] defendant Edwards and defendant Juster" (Amended complaint, p. 6.) and that her injuries resulted from the breach of that contract. These averments do not allege facts, but legal conclusions. These averments are conclusory in nature and any possible benefit accruing to the plaintiff arising out of the Juster-Edwards agreement/contract should be considered indirect and incidental.Paventi v. Kusmirek, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 466330 (July 19, 1995, Goldberg, J.), Castelvetro v. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (January 31, 1994, Gray, J., 9 CSCR 232), and Merz v. Otis Elevator Company,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303563 (September 17, 1993, Fuller, J., 8 CSCR 1051). Since the plaintiff has not provided factual support for her legal conclusions that she was an intended beneficiary, the defendant's motion to strike as to count two is granted. CT Page 5284-JJJJJJJJ
Hale, State Judge Referee.