[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
CT Page 4229
Defendant Hanover Insurance, Co. moves to strike the first count of the complaint on the ground the plaintiff, Edward R. Vagnini d/b/a Auto Wholesalers, has not alleged sufficient facts to support a claim for insurance benefits under an insurance policy issued by the defendant insurance company to Victoria Cook. The plaintiff, on the other hand, claims that he has alleged sufficient facts to show that he is a third-party beneficiary of the policy. For the reasons stated below, the motion to strike is granted.
"The ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary. . . ." Knapp v. New Haven Road Construction Co.,150 Conn. 321, 325, 189 A.2d 386 (1963). The plaintiff alleges that he notified the defendant insurance company that he should be named in the policy as a lienholder. The plaintiff, however, has not alleged facts that show the parties to the insurance contract, that is, the insurance company and Victoria Cook, intended that the insurance company should assume a direct obligation to the plaintiff. The fact that he requested the company to name him as a "loss payee" is not sufficient. The plaintiff has not alleged he is a third party beneficiary.
The plaintiff also claims that he has a right to bring suit under section 52-118 of the General Statutes. This statute provides as follows: "The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon on his own name. Such a plaintiff shall allege in his complaint that he is the actual bona fide owner of the chose in action, and set forth when and how he acquired title." The court has reviewed the allegations of the amended complaint, which is dated July 8, 1996, and concludes that the facts provable under the allegations do not support a cause of action under § 52-118. See Viets v. Marks, 10 Conn. Sup. 367, 373 (1942).
The plaintiff alleges that the insurance company "waived such defense and is barred by the doctrine of waiver, estoppel and laches." The parties have not briefed these issues. The court, nevertheless, has reviewed the amended complaint to ascertain whether the allegations support these claims. The plaintiff has merely alleged that the insurance company CT Page 4230 investigated the plaintiff's claim and communicated with the plaintiff. The allegations do not support a waiver or raise a bar under the doctrines of estoppel and laches.
The motion to strike the first count is granted.
THIM, J.