[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Motion to Strike
Defendant Riverside Publishing Company and defendant Edward CT Page 3605 C. Drahozal move to strike the amended complaint filed by plaintiff Ronald D. Williams, Jr. They contend the plaintiff (1) has failed to allege facts that show the defendants owed a duty of care to the plaintiff and (2) has failed to allege facts that show a causal connection between the harm suffered by the plaintiff and the defendants' conduct. The plaintiff seeks compensation for a loss in the value of his home that he claims was caused by the defendants' evaluating a scholastic test, which had been administered to students in the school district where the plaintiff's house is located, and improperly concluding "some tampering has occurred. . . ." Previously, this court granted a motion to strike the original complaint on the ground the allegations did not establish the defendants owed the plaintiff a duty of care. The court now grants the motion to strike the amended complaint on the ground the plaintiff has failed to allege the existence of a duty of care.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796 631 A.2d 340, cert. denied., 228 Conn. 903,634, A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied."Id., "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra, 215.
The defendants contend that the plaintiff has failed to allege facts that establish a duty of care was owed by the defendants to the plaintiff. Both sides to this dispute construe the plaintiff's claim as one based on the legal concept of negligence. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "Negligence CT Page 3606 occurs where one under a duty to exercise a certain degree of care to avoid injury to others fails to do so." Dean v.Hershowitz, 119 Conn. 398, 407-08, 177 A. 262 (1935). What duty rested upon the defendants is a question of law. Nolan v. The NewYork, New Haven Hartford Railroad Co., 53 Conn. 461, 471,4 A. 106 (1885). The issue of whether the defendants owed the plaintiff a duty of care is an appropriate one for a motion to strike because the question is one of law to be decided by the court. Clohessy v. Bachelor, 237 Conn. 31, 675 A.2d 852 (1996). If the plaintiff has failed to allege facts that support the existence of a duty of care, the defendants' motion to strike must be granted.
"A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982). The plaintiff argues that he has alleged facts that establish a special relationship upon which a duty of care can be based. He also argues that a duty of care arises because he has alleged the defendants had actual knowledge that their conduct would affect the interests of property owners within the Stratfield School District.
The first issue is whether the plaintiff has alleged a special relationship between the parties. The plaintiff contends that he is a third-party beneficiary of a contract between the superintendent of the Fairfield public schools and the defendants. "[N]egligence may be the outgrowth of precedent contractual relationship. . . ." Dean v. Hershowitz, supra at 408. The plaintiff has alleged that the students and parents were the intended beneficiaries of the contract. In the tenth paragraph of the amended complaint, he alleges a contract between the superintendent of schools and the defendants "was entered into by the superintendent with the defendants on behalf of and for the benefit of students and parents of students at Stratfield School, including the plaintiff, to determine if tampering occurred on their tests, said students and parents being the intended beneficiaries of said contract." These allegations are not sufficient. "The intent to confer a benefit is irrelevant to the determination of whether [the plaintiff] was a third party beneficiary." Gateway Co. v. DiNoia, 232 Conn. 223, 231,654 A.2d 342 (1995). What the plaintiff needs to establish is that the parties to the contract intended the defendants to assume a CT Page 3607 direct obligation to the plaintiff. Knapp v. New HavenConstruction Co., 150 Conn. 321, 325, 189 A.2d 386 (1963). The plaintiff has not alleged facts from which such a relationship can reasonably be inferred. Consequently, he cannot predicate a duty of care on a contractual relationship.
The plaintiff next argues that a duty of care arises because he has alleged "that the defendants, at the time they contracted to provide a tampering analysis and opinion, had actual knowledge that:
1. Standardized test scores, including the Iowa Test, were directly related to real estate values;
2. Their analysis and opinion would directly impact upon property values in the Stratfield School District including that owned by the plaintiff, and
3. If they failed to exercise due care in rendering such tampering analysis and opinion, and/or erroneously concluded that test tampering occurred at Stratfield School District property values in the Stratfield School District, including the plaintiff's property, would be substantially lowered."
In the absence of a special relationship, a duty of care may be imposed by general rules of conduct, which are binding on all persons. This principle has been stated as follows: "Broadly considered, it might be said that the duty to exercise reasonable care arises whenever the activities of two persons come so in conjunction that the failure to exercise that care by one is liable to cause injury to the other." Swentusky v. PrudentialIns. Co., 116 Conn. 526, 533, 165 A. 686 (1933). The question to be resolved is whether the general rules impose a duty of care under the allegations of this case.
In determining whether a duty of care exists, the "threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant." Clohessy v.Bachelor, 237 Conn. 31, 45, 675 A.2d 852 (1996). The plaintiff's complaint meets this threshold requirement since he has alleged that the defendants had knowledge that their opinion would directly impact the value of the plaintiff's property. For purposes of a motion to strike, these allegations must be assumed as fact. The court's inquiry does not, however, stop with a finding that the plaintiff has alleged facts that show that the CT Page 3608 harm alleged by the plaintiff was foreseeable to the defendant. "A simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists." Id. at 45.
"The final step in the duty inquiry . . . is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results."Id. at 46. Not every wrong that occurs in our complex society is entitled to judicial relief. "While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem of the law is to limit the legal consequences of wrongs to a controllable degree. . . ." Id. at 45-46. The final step in the duty inquiry requires the court to take a pragmatic view of the plaintiff's allegations.
The plaintiff alleges that the defendants used "junk science" when evaluating the tests that had been given in the Stratfield School District, that their conclusion that "some tampering has occurred" was erroneous, that property values are based in part upon the quality of the school system in which the property is located, that the defendants knew that if they failed to exercise due care in rendering their tampering analysis and opinion the value of the plaintiff's property would be substantially lowered and that the value of the plaintiff's property was diminished as a result of the defendants' opinion. The plaintiff has not cited any cases to the court where a duty of care has been imposed under similar circumstances. The law of this state is quite clear that, "[w]hether a duty of care exists is a question of law to be decided by the court." Waters v. Autuori, 236 Conn. 820, 826,676 A.2d 3571 (1996). This court concludes that a duty of care should not be imposed under these circumstances.[1]
The motion to strike is granted.
Thim, J.