[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE #103
The plaintiff seeks damages for injuries sustained when an elevator in her apartment building allegedly malfunctioned, trapping her leg between the elevator and the floor. The complaint alleges negligence and recklessness on the part of the owner of the property (counts one and two), the management corporation (counts three and four), the owner's general partner (counts five and six) and the Schindler Elevator Company (counts seven and eight). A ninth count alleges breach of contract, based on the claim that the plaintiff was the intended third party beneficiary of the maintenance contract between Schindler and the management company. Schindler has now moved to strike the recklessness and breach of contract counts.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court CT Page 10403 is limited to the facts alleged in the complaint." Id., 215. "The court must construe the facts in the complaint most favorably to the plaintiff." Id. The motion "admits all facts well pleaded."Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike "does not admit legal conclusions or the truthor accuracy of opinions stated in the pleadings." (Emphasis in original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
Plaintiff's recklessness count against Schindler is essentially identical to her negligence count, including allegations that it failed to prevent tenants and invitees from using the elevator and failed to reasonably warn others of the dangerous condition. Count eight adds the allegations that Schindler was aware of the alleged elevator malfunction "but failed or refused to warn others, to prevent the use of the dangerous elevator(s), or to fix the problems as alleged above" and that Schindler "was aware that the malfunctioning elevators posed an unreasonable risk of harm to the plaintiff and other elderly tenants". She contends that these added allegations are sufficient to state a separate cause of action grounded in recklessness.
"A plaintiff cannot transform a negligence count into a count for wilful and wanton misconduct merely by appending a string of adjectives to allegations that clearly sound in negligence."Brown v. Branford, 12 Conn. App. 106, 110. (1987). The terms reckless misconduct" and "wilful and wanton misconduct" are generally viewed as synonymous. Dubay v. Irish, 207 Conn. 518,532-33 (1988).
Plaintiff's allegations of "recklessness" are not materially different from her allegations of negligence, except, perhaps, for the additional claim that Schindler not only "failed" to warn, but "refused" to warn of the alleged dangers. In the present context however, the addition of new verbs is not materially different from the addition of adjectives. Brown v.Branford, supra. The eighth count, as presently worded, fails to allege facts that would support a claim of recklessness, and that count is therefore ordered stricken.
Schindler also argues that the court should strike the ninth count of the complaint for failure to allege facts showing that she was an intended beneficiary of the service contract between Schindler and defendant building manager, Carabetta Management CT Page 10404 Company, Inc. "A third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party."Stowe v. Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). "[I]t is true of course, that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary." Knapp. v.New Haven Road Construction Co., 150 Conn. 321, 326, 189 A.2d 386
(1962). "[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending, its making, including the motives and purposes of the parties." Id., 325.
In Rigsbee v. A S Property Management, Superior Court, judicial district of New Haven, Docket No. 380258, (September 3, 1996, Corradino, J.), the court denied the defendant building maintenance company's motion to strike the plaintiff tenants' claim for injuries sustained after the plaintiff child fell out of a window with broken latches. In so deciding, the court noted that the complaint specifically alleged that the provisions of the contract between the defendant building owner and the defendant maintenance company "were intended for the benefit of tenants in that pursuant to its terms the defendant would use its best efforts to provide maintenance which will include regularly scheduled inspections, supervision of maintenance activities, arranging for improvements, alterations and repairs in response to all tenant repair requests." The court noted that "[a]nother provision of the agreement provided that the [building owner] would terminate the agreement if the defendant [maintenance company] failed to make efforts to respond to reasonable tenant requests for services within the scope of the Agreement." The court further noted that "the contract language [did] not merely refer to the performance of services or work for and at the behest of the owner. . . It specifically [referred] to the fact that both contracting parties understood that maintenance and repair work would be performed in response to tenant requests."
In Deluca v. Thurston, Superior Court, judicial district of Waterbury, Docket No. 124574, (July 7, 1995, McDonald, J.) (14 CONN. L. RPTR. 540, 540), the court denied the defendant floor mat supplier's motion to strike the plaintiff tenant's claim for CT Page 10405 injuries sustained after slipping and falling on an "accumulation of water located in front of an elevator. . ." The plaintiff alleged that the defendant building owner "retained control of the hallways and entrances used by the tenants and those lawfully entering the building"; id.; that the "plaintiff was an invitee . . . and therefore the defendant (owner) owned him a duty to keep its premises in a reasonably safe condition"; id.; and that the defendant mat supplier "assumed a contractual duty to keep the area safe from the accumulation of water." Id. See alsoStowe v. Smith, supra, 184 Conn. 199 (finding that benefit which plaintiff devisee would have received under a will prepared in accordance with the contract was so directly and closely connected with the benefit which the defendant promised the testatrix, that under the allegations of the complaint the plaintiff would be able to enforce the contract on a third party beneficiary theory).
By contrast, in Merz v. Otis Elevator Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303563, (September 17, 1993, Fuller, J.) (10 CONN. L. RPTR. 84,8 C.S.C.R. 1051, 1052), the court granted the defendant elevator company's motion to strike the plaintiff tenant's claim that she was a third party beneficiary of the service contract between the property owner and the defendant to maintain the elevators in the building. The plaintiff "alleged that . . . as a tenant in the apartment building, [she] was a beneficiary of the service contract. . ." Id., 1051. The court declared that the claim was a mere "legal conclusion" because "the plaintiff has produced no legal authority . . . that creates [third party beneficiary] status for a tenant in a building merely because there is a contract between the building owner and supplier of equipment in a common area for the supplier to maintain it for the owner." Id., 1051-52. See Maher v.First National Supermarkets, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 555124, (August 22, 1996, Hale, S.T.R.) (striking the plaintiff's third party beneficiary claim for slip and fall injuries on a theory that she was "a third-party beneficiary of the lease and/or contract between the defendant supermarket and the defendant [snow and ice removal company]" as such claim was conclusory and therefore factually insufficient); Paventi v.Kusmirek, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 466330, (July 19, 1995,Goldberg, J.) (15 CONN. L. RPTR. 106) (finding plaintiffs' allegation that they were "the known and primary beneficiaries" of service contract between defendant building owner and CT Page 10406 defendant furnace servicer "was a legal conclusion, which the court [could] not accept on a motion to strike"); Skelley v. TheHartford County Medical Foundation, Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 54675, (April 18, 1994, Klaczak, J.) (11 CONN. L. RPTR. 396) (same).
Here, the instant plaintiff's allegation that she "legally occupied the dwelling unit known as Apartment A320 . . . and as such, was an intended beneficiary of the elevator service and maintenance contract between the Schindler Elevator Corporation and the Carabetta Management Co., Inc." is conclusory. She alleges no facts tending to support this conclusion and thus fails to state a cause of action for breach of contract based on a third party beneficiary theory. The ninth count is therefore ordered stricken.
For all of the above reasons, the motion to strike is granted in its entirety.
Jonathan E. Silbert, Judge.