[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This is a products liability action for injuries sustained by the plaintiff in an elevator manufactured by the defendant Otis Elevator Company [Otis], located in a building owned by the co-defendant S.M. Rose Corporation [Rose]. The first four counts of the complaint are directed to the defendant Otis. The first count is for strict products liability under 52-572m et seq. of the General Statutes. The defendant Otis has filed a motion to strike the second, third and fourth counts of the complaint.
A motion to strike under 152 of the Practice Book admits all facts well-pleaded but does not admit legal conclusions or opinions in the complaint, but if facts provable under the factual allegations support a cause of action, the motion to strike must be denied. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 109. Where a plaintiff has a products liability claim, the product liability statutes provide the exclusive remedy for recovery, superseding all other claims against product sellers, including actions of negligence, strict liability and warranty for harm caused by a product. Section 52-572m(a) C.G.S.; Winslow v. Lewis-Shepard, Inc.,12 Conn. 462, 465, 471; Daily v. New Britain Machine Co.,200 Conn. 562, 571.
In the second count of the complaint it is alleged that the defendant Otis had a service contract with the defendant Rose to maintain the elevators in the apartment building where the plaintiff was injured and that it failed to properly inspect, maintain and repair the elevator where the plaintiff was injured. CT Page 9030
The defendant Otis relies upon Rodia v. Tesco Corporation,11 Conn. App. 391, 395-96, where it was held that an allegation that a product seller negligently failed to repair or maintain the product prior to leasing it was a "product liability claim" under 52-572m(b) of the General Statutes even though that statute did not specifically mention maintenance or repair of a product. The purpose of the products liability statute was to merge into one cause of action the types of claims that could be brought in products liability cases on theories such as strict liability, warranty, negligence and contract. Winslow v. Lewis-Shepard, Inc., supra, 470, 471. However, the defendant's reliance upon Rodia v. Tesco Corporation, supra, is misplaced. There the court specifically considered failure to repair or maintain a forklift prior to its delivery to the plaintiff's employer. Id, 395. The case recognized that repair of a product by someone other than the product seller after the product was placed in the stream of commerce was not a products liability claim. Id, 396, 397. The second count here alleges negligence after the sale of the product by the defendant Otis, which then maintained the elevator pursuant to a service contract with the owner of the building where the elevator was installed. Even though Otis happened to be the product seller, negligent maintenance of a piece of equipment is a separate cause of action independent of the liability of Otis as a product seller. Even though the plaintiff has no rights directly under the contract between Otis and the building owner, the defendant by maintaining a defective condition in a building may be liable for negligence. See Coburn v. Lenox Homes, Inc., 173 Conn. 567, 574-75. Once a particular transaction can be considered a "service" as opposed to sale of a product, it is not within the scope of the product liability statute. Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 403.
The third and fourth counts of the complaint also rely upon the contract between Otis and the property owner. It is further alleged that the plaintiff as a tenant in the apartment building was a beneficiary of the service contract to maintain the elevators in the building. The claim that the plaintiff was a third party beneficiary of the service contract is a legal conclusion. It is well-established that a person who is neither a party to a contract or a contemplated beneficiary of it cannot bring an action to enforce the promises of the contract. Coburn v. Lenox Homes, Inc., supra, 570. A third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promissor should assume a direct obligation to the third party. Stowe v. CT Page 9031 Smith, 184 Conn. 194, 196; Knapp v. New Haven Road Construction Co., 150 Conn. 321, 325. The third count of the complaint fails to contain the essential allegations for a claim by the plaintiff to the status of a third party beneficiary of the contract. Moreover, the plaintiff has produced no legal authority, and the court is not aware of any, that creates that status for a tenant in a building merely because there is a contract between the building owner and supplier of a piece of equipment in a common area for the supplier to maintain it for the owner.
The fourth count of the complaint adds the additional claim that the failure of Otis to perform its duties under the service contract was a breach of implied and express warranties of good faith and fair dealing in that contract. The concept of an implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. Verrastro v. Middlesex Insurance Co., 207 Conn. 179, 190. It does not create a separate cause of action for the plaintiff who was not a party to the service contract.
The motion to strike is denied as to the second count but granted as to the third and fourth counts of the complaint.
Fuller, J.