[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DEFENDANT DREZEK CONTRACTORS, INC.'S MOTION TO STRIKE
The plaintiffs, Robert and Susan, Sarah and Benjamin Paventi, and David, Kristina and Zakary Labieniec, filed a thirty-five count complaint against the defendants, Danuta and Joseph Kasmirek, and Drezek Contractors, Inc., seeking damages for injury caused by carbon monoxide poisoning due to an alleged failure to maintain a heating system in an apartment building. In counts five, ten, fifteen, twenty, twenty-five, thirty and thirty-five, the counts relevant to this motion to strike, the plaintiffs alleged a third party beneficiary breach of contract against Drezek Contractors, Inc. Each plaintiff alleges that he or she was a known beneficiary of Drezek's contract with the co-defendant lessors to service the furnace, flue and/or chimney at the leased premises.
Drezek filed a motion to strike counts five, ten, fifteen, twenty, twenty-five, thirty and thirty-five, claiming that the plaintiffs failed to allege that the defendants, as parties to a contract, intended that the plaintiffs be a third-party beneficiary to the contract. The plaintiffs filed an objection to the motion to strike.
"The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" CT Page 7764Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to the facts alleged in the complaint, taken in a light most favorable to the plaintiff. Id., 215. The motion does not admit legal conclusions or opinions stated in the pleadings. Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985).
"[A] third party seeking to enforce a contract mustallege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party." (Emphasis added.) Stowe v. Smith, 184 Conn. 194, 196,441 A.2d 81 (1981). "It is true, of course, that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary." Knapp v. New Haven Road Construction Co.,150 Conn. 321, 326, 189 A.2d 386 (1963).
"[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Id., 325.
The plaintiffs allege that they were the "known and primary beneficiaries of the Defendant's agreement to service said furnace." This allegation is a legal conclusion, which the court cannot accept on a motion to strike. The plaintiffs have not pleaded any facts which support this conclusion, and the allegation that Drezek was contacted regarding the condition of the furnace does not support the claim that the plaintiffs are intended beneficiaries of the contract. The plaintiffs allege additional facts in their memorandum in opposition to the motion to strike, but the court is constrained to facts alleged in the complaint.
In Merz v. Otis Elevator Company,10 Conn. L. Rptr. 84, 85 (September 20, 1993) (Fuller, J.), the court found, "the plaintiff has produced no legal authority, and the court is not aware of any, that creates [third party beneficiary] status for a tenant in a building merely because there is a contract between the building owner and supplier of a piece of equipment in a common area for the supplier to maintain it for the owner." CT Page 7765 Similarly, in the present case, the plaintiffs have not provided factual support for their legal conclusion that they were known beneficiaries under the contract between the co-defendants. Accordingly, Drezek's motion to strike Counts five, ten, fifteen, twenty, twenty-five, thirty and thirty-five is granted.