[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
In this case the plaintiff mother and son became tenants of certain premises in New Haven. Although the complaint is not specific as to when the tenancy began, it appears that the plaintiffs were tenants at least as early as May 1992. In June 1992 the record owner of the property, First Constitution Bank, entered into an agreement with A S Property Management, Inc., the defendant, to manage, maintain, and repair various properties owned by the bank.
The complaint further alleges that the provisions of this contract "were intended for the benefit of tenants" in that pursuant to its terms the defendant would "use its best efforts to provide . . . maintenance which will include regularly scheduled inspections, supervision of maintenance activities, arranging for improvements, alterations and repairs in response to all tenant repair requests." The defendant was authorized, without prior consent, to expend any amount or incur any contractual obligations to deal with life-threatening emergency situations. Another provision of the agreement provided that the bank would terminate the agreement if the defendant failed "to make efforts to respond to reasonable tenant requests for services within the scope of [the] Agreement."
The first count of the complaint goes on to allege that in May, June and September of 1992 the plaintiff mother informed agents and employees of the defendant that latches on the window screen in the bedroom of her child were broken, thus creating a dangerous situation. The employees said they would repair the window but failed to do so. On September 15, 1992, the four year old plaintiff leaned against the window, fell out, suffering injury. The first count of the complaint in effect asserts that CT Page 5370-IIII the plaintiffs were third party beneficiaries of the agreement between the bank and the defendant to keep the property in repair.
The second count rests on a theory of promissory estoppel. As noted, the complaint alleges the plaintiff mother complained about the dangerous conditions and relied on the promise of the defendant's agents that they would repair it. Because of this reasonable reliance, the condition was not repaired by the plaintiff mother herself and, as a result, the child fell out of the window.
The defendant has filed a motion to strike both the first and second counts. The standards to be used in evaluating, a motion to strike are well known. The complaint of the nonmoving party must be given that reading which is most favorable when it is attacked on the basis of legal sufficiency. Amodio v. Cunningham,182 Conn. 80, 73 (1980).
FIRST COUNT
Third party beneficiary claims have met with various responses in our state and other states. Courts talk about the "intent to benefit" the third party as a necessary prerequisite to such a claim. But some cases stress the intent of the promisee while others say the intention of both the contracting parties is important. Often the decision as to third party beneficiary status depends on policy considerations. Another factor in this area is the element of reliance. See Contracts, 3d. ed., Calamari Perillo, § 17-3 for this discussion and cases. The Restatement (Second) Contracts says:
§ 302. Intended and Incidental Beneficiaries.
 (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either;
 (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
 (b) the circumstances indicate the promisee intends to give the beneficiary the benefit of the promised performance.
(2) An incidental beneficiary is not an intended beneficiary. CT Page 5370-JJJJ
Comment (d) states that a third party is not otherwise an intended beneficiary under the Restatement formulation may still qualify as such a beneficiary "if the beneficiary would be reasonable in relying on the promise as manifesting an intention to confer a right upon him (sic). . . ." Connecticut cases that have dealt with third party beneficiary issues are Gateway Co. v.DiNicola, 232 Conn. 223 (1995); Stowe v. Smith, 184 Conn. 194
(1981); Knapp v. New Haven Road Construction Co., 150 Conn. 321
(1963); Byram Lumber Supply Co. v. Page, 109 Conn. 256 (1929).
It can be said that motions to strike are peculiarly inappropriate to test third party beneficiary claims at least if certain minimum pleading requirements are met in this our fact pleading state. Thus, motions to strike have been granted where, unlike the present allegations, there is no allegation that the contracting parties intended that the promisor assumed a direct obligation to the purported third party beneficiary. Stowe v.Smith, 184 Conn. at pp. 195-196, also see Castlevetro v. Mills,9 CSCR 232, 233 (1994). Also, a tenant cannot claim third party beneficiary status by referring to the words of contract between the landlord and another party which merely required services, maintenance or repairs be provided by that party to the landlord.Paventi, et al. V. Kusmirek et al., 15 Conn. L. Rptr. 106 (1995);Mertz v. Otis Elevator Co., et al., 10 Conn. L. Rptr. 84, 85 (1993). But these cases stand for no principle peculiar to third party beneficiary law; they just support the notion that motions to strike may not be opposed by resorting to legal conclusions.
But as noted, if basic pleading requirements are met, motions to strike can be of limited use if there is some policy issue raised by the pleadings, a reliance factor is raised, or the contract language does more than refer to the particular agreement the contracting parties had with each other.
This is so because of the observation made in an early case which has been repeated in some form in later cases:
 "The ultimate test to be applied (in determining whether a person has a right of action as a third party beneficiary) is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party (beneficiary) and . . . that intent is to be determined from the terms of the contract read in light of the circumstances attending its making, including the motives and purposes of the parties." ColonialCT Page 5370-KKKK Discount Co. v. Avon Motors, Inc. 137 Conn. Conn. 196, 210 (195).
Here, the contract language does not merely refer to the performance of services or work for and at the behest of the owner bank. It specifically refers to the fact and both contracting parties understood maintenance and repair work would be performed in response to tenant requests. The defendant did not have to even seek prior owner approval for certain repair work and the contract could be terminated if there was not a response "to reasonable tenant requests."
The Restatement does not make clear whether the reliance factor requires that the purported third party beneficiary be specifically aware of the terms of the contract giving him or her purported rights. Since by definition such a beneficiary is not a party to the contract, it would not seem to make much sense to have this knowledge requirement where the contract envisages an ongoing relationship between the purported third party beneficiary and the defendant. In any event, given the terms of this contract and the necessary relationship it created between the defendant and any tenants, it certainly can be said that tenants would reasonably rely on the repair obligations assumed by the defendant in the contract. Furthermore, by the contract language used the original contracting parties assumed that this would be the case and the bank meant to enforce this aspect of the contractual relationship by reserving the right to terminate the contract relationship if reasonable tenant requests were not complied with. The court will not grant the motion to strike the first count.
SECOND COUNT
The second count asserts a promissory estoppel theory.D'Ulise-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 213 (1987), as the defendant notes, refers to Restatement (Second) Contracts, Sec. 90 (1973), which sets up the following requirements for such a claim: (1) there must be a clear and definite promise; (2) there must be a reasonable reliance on the part of the promisee; (3) an expectation must exist that the promisee would rely on the promise and that the promise induced the action or forbearance by the promisee; and (4) it must be determined that injustice can be avoided only by enforcement of the promise.
The first three requirements are fact based and it is CT Page 5370-LLLL difficult to conclude as a matter of law that, based on the allegations made in this complaint, they have not been met.
The promise here was to do specific, defined work — repair the latches on a window. This was not an employment contract situation such as D'Ulise where representations made by a school to a teacher did not include basic terms such as contract duration and conditions of employment. The promise to do the simple repair work, which the defendants were obligated anyway to do by the contract with the bank, cannot be categorized as some vague representation to enter into future contractual relations.
Also, the court cannot determine whether the plaintiff's reliance was reasonable or not by a mere reading of the words of the complaint. In any event, didn't the underlying contract establish the "reasonableness" of the reliance by imposing a contractual obligation on the defendant to do this very repair work?
As to expectation of reliance, the defendant's agents must have expected the plaintiff mother to rely on their representations that they would repair the window since they made the representations over a period of several months. Also, since the defendant was obligated to make the repairs and, by its representations, indicated it was ready, willing and able to do so, how can it be said the the promise to repair did not induce the plaintiff forbear from repairing the window?
There may be a point where the plaintiff's failure to repair on her own was not reasonable but I cannot conclude that on the basis of a motion to strike where I have no knowledge about the nature of the conversations between the defendant's employees and the plaintiff or the ease or difficulty of doing the repair work.
Also, the court is obligated to give the plaintiff the benefit of any reasonable inference from the facts alleged in the complaint. This also means the court should not strike this complaint because the plaintiff did not specifically allege injustice can be avoided only by enforcement of the promise. Given the circumstances of the fall and injuries and having I sufficiently alleged facts to support the first three Restatement requirements, an inference of what is no more than a legal conclusion can be made here that injustice can only be avoided by enforcement of the promise.
The motion to strike is denied. CT Page 5370-MMMM
Corradino, J.