[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (# 110)
The plaintiff filed this retaliatory discharge action against the defendant in September of 1996. Following the granting of the defendant's motion to strike count three of the original complaint, the plaintiff filed a four-count amended substituted complaint in February of 1997. Count one of the amended substituted complaint alleges that the defendant discharged the plaintiff in retaliation for her friendship with the defendant's CT Page 4113 former employee, who had sued the defendant for sexual harassment and discrimination, and that such discharge violates General Statutes § 46a-60 (4). Count two further alleges that the discharge violates General Statutes § 31-51m(b), in that the reason for the discharge was the assistance the plaintiff rendered to a fellow employee to investigate a fraud allegedly committed by the fellow employee's supervisor. Counts three and four allege that the reasons for the discharge violate public policy and the implied covenant of good faith and fair dealing, and that no adequate statutory remedy exists for such discharge.
On February 28, 1997, the defendant filed a motion to strike counts three and four of the present complaint. Counts one and two are identical to counts one and two of the original complaint. They allege claims under General Statutes §§ 46a-60
(4) and 31-51m(b) respectively and are not challenged by the present motion to strike.
Count three, however incorporates the allegations of the first and second counts and further alleges that the plaintiff was discharged because the defendant erroneously believed that the plaintiff had assisted another employee of the defendant in prosecuting that employee's discrimination complaint against the defendant by disclosing confidential information relating to a third discharged employee. This count further asserts that the reason for the discharge is contrary to both public policy and good faith and fair dealing and that no adequate statutory remedy exists "for discharge for such reason."
Count four repeats the allegations of the first two counts and also asserts that the reason for the plaintiff's discharge was her confirmation "to Ruth O'Connell that an absentee report relating to O'Connell's superior, Sandy Boisvert, and alleged by O'Connell to be fraudulent, comported with the defendant's official data." The plaintiff further claims that this reason for discharge is contrary to public policy and good faith and fair dealing and that there is no adequate statutory remedy.
"When the allegations of an amended complaint appear to be the same in substance as those of an earlier complaint that was stricken, the defendant may challenge the amended complaint by filing a request to revise . . . or a second motion to strike."Doe v. Marselle, 38 Conn. App. 360, 362-63, 660 A.2d 871 (1995). "[E]ither may be used when the amended complaint merely restates the original cause of action that was previously stricken. . . . CT Page 4114 If the plaintiff . . . has in fact merely restated the original cause of action, the defendant would prevail on either pleading."P L Properties, Inc. v. Schnip Development Corp.,35 Conn. App. 46, 50, 643 A.2d 1302, cert. denied,231 Conn. 913, 648 A.2d 155 (1994). Therefore, it is proper for the defendant to bring a second motion to strike under these circumstances.
The defendant contends that counts three and four of the operative complaint are simply a repleading of counts one and two, but based on common law principles rather than statutory references. It emphasizes that the court previously ruled that the plaintiff is precluded from claiming a breach of the covenant of good faith and fair dealing based on certain alleged statutory violations.[1]
The plaintiff counters that there is a common law action for wrongful discharge even in the employment at will situation. She further argues that the statutory remedies in counts one and two "are not so adequate as to bar the common law claims" contained in counts three and four.
In order for an amended pleading to be "new," it must be determined whether "the second materially changed the plaintiff's allegations or merely reiterated claims previously disposed of by [this] court." Doe v. Marselle, supra, 38 Conn. App. 364. An important consideration is whether the plaintiff has "refiled the same or substantially similar allegations as those that have already been stricken." Id., 364-65.
In the two challenged counts of the present complaint, the plaintiff has repleaded allegations which are substantially similar to those made in the stricken third count of the original complaint. In the original complaint, the plaintiff alleged that "[s]uch discharge constitutes a violation of the public policy of good faith and fair dealing inherent in the employment relationship. " This court granted the prior motion to strike the third count, however, emphasizing that to the extent that the alleged "public policy" alleged in counts one and two was embodied in General Statutes § 46a-100 or 31-51m(b), and to the extent that the alleged "public policy" reflected a non-statutory basis, a cause of action based on breach of the implied covenant of good faith and fair dealing is unavailable when an adequate statutory remedy exists. To support her public policy claims, which are nearly identical to the previous claims alleged CT Page 4115 in count three of the original complaint, the plaintiff relies in large measure on the same facts used to support her statutory claims in counts one and two of the present complaint. Outside of a bare allegation that there is no adequate statutory remedy for the plaintiff's discharge, however, the plaintiff has filed virtually the same pleadings as those previously stricken by this court on February 5, 1997. In addition, the added allegation that no adequate statutory remedy exists is a legal conclusion, and "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215, 618 A.2d 25 (1992).
The plaintiff's memorandum in opposition to the motion to strike also recites factual allegations which do not appear in the complaint. The plaintiff argues in her memorandum that "[a]lthough the plaintiff was generally friendly and sympathetic with, and supportive of Johnson, she took no public action to oppose the defendant's practice against Johnson, nor has plaintiff to date testified or assisted in any proceeding by Johnson."[2] These additional facts are, one assumes, placed within the memorandum to bolster the allegations in the operative complaint that "[t]here is no adequate statutory remedy" available to the plaintiff.
The plaintiff is attempting to allege "additional facts in [her] memorandum in opposition to the motion to strike, but the court is constrained to the facts alleged in the complaint." (Emphasis provided.) Paventi v. Kusmirek, Superior Court, judicial district of Hartford — New Britain at New Britain, Docket No. 466330, 15 Conn. L. Rptr. 106. (July 19, 1995, Goldberg, S.J.). Therefore, although the plaintiff's claim that she lacks an adequate statutory remedy was newly added to the present version of the complaint, such a claim is not supported by the facts alleged in that complaint.
For all of the above reasons, the defendant's motion to strike counts three and four of the amended substituted complaint is granted.
Jonathan E. Silbert, Judge