[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#116)
On March 20, 1997, the plaintiff, Maria Orsini, filed a three count revised substitute complaint against the defendant, Sentry Insurance Co. ("Sentry"), alleging that she was injured in the course of her employment with the Belding Heminway Corporation ("Belding."). At the time of the alleged injury, Sentry had a contractual agreement with Belding to provide it with workers' compensation insurance. The plaintiff contends that Sentry contested liability of her workers' compensation claim and denied her benefits despite an award in her favor from the workers' compensation commissioner. A previous five count complaint, involving the same parties and concerning the same incident as the present complaint, was struck in its entirety by the court,Vertefeuille, J., on December 16, 1997.
The function of the motion to strike is to test the legal sufficiency of a pleading. R.K. Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). The motion to strike is appropriate when challenging the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted. Practice Book § 152; Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). The facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff. Novametrix Medical Systems,Inc. v. BOC Group, Inc, 224 Conn. 210, 215, 618 A.2d 25 (1992);Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980). When ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint. Novametrix MedicalSystems, Inc. v. BOC Group, Inc, supra, 224 Conn. 215; Gordonv. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). The court cannot be aided by the assumption of any fact not therein alleged. Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). The motion to strike does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts. Mora v. Aetna Life Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
In the first and second counts of her revised substitute complaint, the plaintiff alleges that the defendant breached a duty of good faith and fair dealing. Specifically, in the first count the plaintiff alleges that the defendant acted with "reckless indifference" and in the second count the plaintiff alleges that the defendant acted with "wantan (sic) and malicious CT Page 8142 conduct," both in violation of its duty of good faith and fair dealing. In the third count the plaintiff alleges intentional conduct on the part of the defendant.
The defendant has moved to strike only the first and second counts of the revised substitute complaint claiming that they "are barred by the exclusive remedy provisions of the Workers' Compensation Act," or in the alterative, that they "are substantially similar to the counts which the court ordered stricken in its December 17, 1996 Memorandum of Decision granting Sentry's first Motion to Strike." (April 3, 1997 Motion to Strike, ¶¶ 1 2). Since it is dispositive of the present motion to strike, the court only addresses the defendant's latter argument in this memorandum.
In its December 16, 1996 memorandum of decision, the court,Vertefeuille, J., struck, inter alia, the first two counts of the plaintiff's five count complaint. Those counts alleged that the defendant's actions constituted wilful and serious misconduct in violation of its duty of good faith and fair dealing. In striking those counts, the court reasoned that "[t]he plaintiff [did] not allege that she had any contractual relationship with Sentry nor that she was an insured under the workers' compensation policy issued by Sentry . . ." (Memorandum of Decision dated December 16, 1996, p. 3). Ultimately, Judge Vertefeuille granted the defendant's motion to strike the two counts finding that "a cause of action for breach of the duty of good faith and fair dealing must be predicated on a contractual relationship between the parties," and that the plaintiff had failed to make such an allegation in her complaint. (Memorandum of Decision, p. 5).
The first and second counts of the revised substitute complaint are similar to the first and second counts of the original complaint, with the only significant difference being that the plaintiff has added to both counts an allegation that "[a]s an employee of Belding Heminway Company, the Plaintiff, Maria Orsini, was an intended third party beneficiary of the contract Belding Heminway Company entered into with Sentry Insurance Company." (March 19, 1997 Revised Substitute Complaint, First Second Counts, ¶ 5).
It is apparent that the plaintiff added the additional allegations in the first two counts in an attempt to comply with Judge Vertefeuille's December 16, 1996 decision. Unfortunately, CT Page 8143 the addition of the above cited language does not, in and of itself, rectify the shortcomings of the plaintiff's original complaint. It is well settled that "one who is neither a party to a contract nor a contemplated beneficiary thereof cannot sue to enforce the promises of the contract." Tomlinson v. Board ofEducation, 226 Conn. 704, 718, 629 A.2d 333 (1993), quotingCoburn v. Lenox Homes, Inc., 173 Conn. 567, 570, 378 A.2d 599
(1977). "A third party beneficiary may enforce a contractual obligation without being in privity with the actual parties to the contract. . . . The ultimate test to be applied in determining whether a person has a right of action as a third party beneficiary is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party beneficiary." (Citations omitted; internal quotation marks omitted.) Gateway Co. v. DiNoia, 232 Conn. 223,230-31, 654 A.2d 342 (1995); Stowe v. Smith, 184 Conn. 194,196, 441 A.2d 81 (1981).
In the present case, the plaintiff's assertion that "[a]s an employee of Belding Heminway Company, the Plaintiff, Maria Orsini, was an intended third party beneficiary of the contract Belding Heminway Company entered into with Sentry Insurance Company" is supported by no factual allegations showing an intent on the part of Sentry and Belding to assume a direct obligation to her as a third party beneficiary to the insurance contract. The plaintiff has simply added an unsupported conclusion of law to the allegations which were previously struck as being legally insufficient. When ruling on a motion to strike, the court is limited and may only rely on the facts alleged in the complaint;Novametrix Medical Systems, Inc. v. BOC Group, Inc, supra,224 Conn. 215; Gordon v. Bridgeport Housing Authority, supra,208 Conn. 170. Though the facts alleged in the complaint are to be construed by the trial court in the most favorable way for the plaintiff; Novametrix Medical Systems, Inc. v. BOC Group, Inc,
supra, 224 Conn. 215; Amodio v. Cunningham, supra,182 Conn. 82; a pleading must fail if it contains only unsupported conclusions of law without the required facts. Cavallo v. DerbySavings Bank, 188 Conn. 281, 285, 449 A.2d 986 (1982).
Since the additional information added to the revised substitute complaint contains nothing more than legal conclusions, the court cannot rely on it as evidence in evaluating the legal sufficiency of the subject claims. SeeMaher v. First National Supermarkets, Inc., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CT Page 8144 555124 (August 22, 1996, Hale, S.T.R.); Paventi v. Kusmirek,
Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 466330 (July 19, 1995, Goldberg, S.J.) (15 Conn. L. Rptr. 106); Castelvetro v. Mills, Superior Court, judicial district of New Haven, Docket No. 320396 (January 31, 1994, Gray, J.); Merz v. Otis Elevator Company, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 303562 (September 17, 1993, Fuller, J.) (8 CSCR 1051).
Discounting the additional allegation that the plaintiff was a third party beneficiary to the insurance contract, the first two counts of the revised substitute complaint are identical in substance to the first two counts of the plaintiff's original complaint, which were struck by the court, Vertefeuille, J.
While the law of the case is not written in stone and a judge is not bound to follow the decisions of another judge made at an earlier stage of the proceeding, "[a] judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. Judge shopping is not to be encouraged and a decent respect for the views of his brethren on the bench is commendable in a judge." (Citations omitted.) Breen v. Phelps, 186 Conn. 86, 99-100, 439 A.2d 1066
(1982); State v. Arena, 235 Conn. 67, 80, 663 A.2d 972 (1995); see also Silberkleit v. Mega Life Health Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 041247 (May 2, 1996, Curran, J.). "New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored. . . ." Breen v. Phelps, supra, 186 Conn. 99. "Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided in the absence of some new or overriding circumstance." Id.
The court agrees with the decision of Judge Vertefeuille in striking the first two counts of the plaintiff's original complaint for failing to allege a contractual relationship between the plaintiff and the defendant. In the present case, as discussed supra, the plaintiff has failed to sufficiently allege such a relationship so as to comply with Judge Vertefeuille's December 16, 1996 decision. Therefore, the court treats Judge Vertefeuille's previous decision striking the first two counts of the plaintiff's complaint as the law of the case. Accordingly, CT Page 8145 the defendant's motion to strike the first and second count of the plaintiff's revised substitute complaint is granted.
SANDRA VILARDI LEHENY, J.